AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District  Northern District of Illinois |
|---|---|
| Name of Movant: Tommy E. Jones | Prisoner No. 16318-424 | Case No. 02cr895-16 |
| Place of Confinement: United States Pennitentiory Atwater P.O Box 019001, Atwater, California 95301 |

| UNITED STATES OF AMERICA | V. | Tommy E. Jones (name under which convicted) |

## MOTION

1. Name and location of court which entered the judgment of conviction under attack  United States District Court Northern District of Illinois Eastern Div.

2. Date of judgment of conviction  January 28, 2005

3. Length of  300 months

4. Nature of offense involved (all counts)  Count 1  21:846 Conspiracy to possess and Distribute a controlled substance. Count 2  21:841(a) Distribute a controlled substance. 21:860 Sell or despense near a public Housing. 18:2 Aid & Abett

5. What was your plea? (Check one)
   (a) Not guilty ☑
   (b) Guilty ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   07cv6379
   JUDGE PALLMEYER
   MAG. JUDGE KEYS

   **FILED**
   NOV 09 2007
   NOV 09 2007
   MICHAEL W. DOBBINS
   CLERK, U.S. DISTRICT COURT

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☑
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐  No ☑

8. Did you appeal from the judgment of conviction?
   Yes ☑  No ☐

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court  United States Court of appeal for the Seventh Circuit

   (b) Result  affirmed district courts ruling of 300 months

   (c) Date of result  July 18, 2006        Case No. 05-1489

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☑   No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court  United States Supreme Court

        (2) Nature of proceeding  Petition For Writ of Certiorari 06-7245 (Denied to be heard 11-27-06)

        (3) Grounds raised  Interstate Agreement on Detainers act that was caused to be delivered "defendants speedy trial demand. (2) Whether the Seventh circuit holding that a Sentencing Court may choose to Sentence a defendant under Section 841(B)(1)(A) of title 21 when Conviction rest on Completely different penalty 841(B)(1)(c),

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ☐   No ☑

        (5) Result  _____

        (6) Date of result  _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court  N/A

        (2) Name of proceeding  _____

        (3) Grounds raised  _____

AO 243  (Rev. 5/85)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐    No ☐

    (5) Result _____ N/A _____

    (6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☐    No ☐
    (2) Second petition, etc.    Yes ☐    No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_Defendant Counsel told him that petition was denied and to file motion for 2255._

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.
    (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
    (b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: **Interstate agreement on Detainers Act (speedy trial violation) Marshals Form-17, Dismiss w/ prejudice**

Supporting FACTS (state briefly without citing cases or law): Detainer was lodged against defendant, and defendant demanded trial while in state custody, government denied ever recieving form (mov. Br. U.S.C.A Nov. 30. 2005 case No 05-1489) original form in three brief, other arguments have been docketed. Defendant in fact did contact court (case No. 02cr0855)

B. Ground two: **Motion to suppress suggestive out of court identification of defendant on May 11, 2000 and only in court identification.**

Supporting FACTS (state briefly without citing cases or law): The suggestive out of court identification of defendant was May 02, 2000 by agent Kenneth Papoutsis, the photo-line up and identification was done by agent Lugo who was not present, and defendant was described as FNU LNU #17, which the audio does not match the transcripts of the drug transaction of May 02, 2000 the U.S.C.A for the seventh circuit ruled that 94 days is relatively a short delay

C. Ground three: **Post-trial Motion. / Motion for acuittal**

Supporting FACTS (state briefly without citing cases or law): February 13, 2004 (trial) agent Papoutsis testified as defendants adverse witness to attendance sheet being found and defendant name didn't appear on any of them. Stipulated to witnesses testimony and statements government made no rebuttal. Post-trial motion was filed March 12, 2004 and government responded without filing extension of time September 21, 2004 the day defendant was scheduled for court, but was not present, 404(B) evidence was not for identity so officers should not have been allowed to testify. Double Jeopardy Due Process Violation.

(5)

AO 243    (Rev. 5/85)

(Tr. 886) the government said that officers testimony was not used to identify defendant, so what purpose was there testimony (double jeopardy).

D. Ground four: Sentencing and dismissal of Indictment of counts 1 & 2 of superseding indictment.

Supporting FACTS (state *briefly* without citing cases or law): The government filed a motion to dismiss count 1 and 2 at the time of sentencing without the defendants knowledge, and defendant has been in continuous custody now for 60 months, offense ended September 2002. The district court filed an amended judgment February 13, 2006 for correction of sentence, and defendant had no knowledge, and the correction was done during the time the United States court of appeals was making decision, they affirmed 300 month sentence.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
   Yes ☐    No ☐    N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) ~~[redacted]~~ _____

   (b) At arraignment and plea  Steven Shobot  53. West Jackson Blv. Chicago, IL 60604

   (c) At trial  Same as above

   (d) At sentencing  Same as above

(6)

AO 243 (Rev. 5/85)

    (e) On appeal _Some as above_

    (f) In any post-conviction proceeding _N/A_

    (g) On appeal from any adverse ruling in a post-conviction proceeding _N/A_

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐    No ☑

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐    No ☑

    (a) If so, give name and location of court which imposed sentence to be served in the future:

    (b) Give date and length of the above sentence:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐    No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_Pro se Lit. Jimmy Jones_
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_11-05-07_
Date

_Jimmy Jones_
Signature of Petitioner