11-06-07

**FILED**
NOV 13, 2007
NOV 13 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

United States District Court
Northern District of Illinois
Eastern Division

07C6379

TOMMY E. JONES ) No. 02cr895-16
　　Petitioner/Movant ) pro-se litigator:
 ) Northern District
v. ) of Illinois
 ) Honorable
 ) Rebecca R. Pallmeyer
United States of America ) United States Attorney
　　Respondant ) Eric Sussman

ADDENDUM FOR THE MOTION FOR
U.S.C 2255 IN FORMA PAUPERIS

THE Movant TOMMY E. JONES case No. 02cr895-16 submits this addendum with facts to support his arguments for the motion for 2255, which he relies upon for relief (Dismissal of the superseding indictment with prejudice and the correction of his sentence).

Defendant continues his argument from pg.5 Ground 1: Interstate agreement on Detainers Act speedy trial violation U.S Marshal Form-17 Dismissal with prejudice, Title 18 U.S code, App2 article III, subsection (a)(d).

PG. 2

Supporting Facts: Indictment should have been dismissed at pretrial proceedings, because petitioner did in fact contact the court while in state custody (case No. 02cr08995), which was the case number petitioner recieved from the U.S Marshals-17 detainer form. petitioner counsel should have argued that defendant did contact court, besides the executed U.S Marshal form. On appeal U.S.C.A for the Seventh circuit 05-1489, (November 30, 2005 governments Brief at appendix table of context item 1) defendant Motion to dismiss the indictment for I.A.D.A violation at exhibit a-009, the original detainer form that the government denied ever recieving was not docketed with the court clerk as the affadavit (exhibit b at 12), and Motion for dismissal, with Motion for Misidentification December 09, 2003 at (exhibit b at 14) in governments brief. This argument alone proves the governments negligience for not bringing defendant to trial with 180 days of the demand and denied they ever recieved the U.S Marshal-17 Form demanding trial November 19, 2002 (pretrial Motion proceeding 12-09-03) U.S.C.A for the Seventh Circuit TOMMY E. Jones 05-1489 government brief at pg. 15 (4) and the government said "Defendant presented No evidence that he served the appropriate

Pg. 3

documents on the district court" (gov. br. at (2) pg. 12.), when defendant did in fact contact the court about the demand for trial, while in state custody (IL. D.O.C B58905). The government stated plenly that "Even if service on the Marshols was sufficent, the indictment should not be dismissed with predjudice. Motion to Dismiss I.A.D.A December 09, 2003 at pg. 5, The court: Assuming arguendo that service on the Marshols constitutes service on the prosecutor, we still don't think the indictment should be dismissed, with the above argument with factual besis the superseding indictment should be dismissed with predjudice, and defendent immediately released for violation of defendents speedy trial, violation of his rights for trial.

Ground 2 - Motion to suppress suggestive out of court identification of defendent on May 11, 2000 and any in-court identification which flows therefrom. (denied without predjudice U.S.C.A for the 7th circuit ruling, 05.1489)

Supporting Facts: The Motion should have been dismissed, because defendent was described as FNU LNU #17 (First Name

Pg. 4

Unknown Last Name Unknown #17) may 02, 2000 drug transaction by agent Kenneth Popovits, at this time he was a undercover agent for The Department of Housing and Urban Development (known as H.U.D.) investigating the drug transactions at 340 South Western Rockwell Gordon Housing projects. Pretrial proceeding defendents counsel filed a motion to suppress the misidentification of defendant and never requested the agents testimony or how the photo-line up procedure was done, because he was not the agent who identified the defendant but agent Lugo may 11, 2000. Defendent absence on the video and audio of may 02, 2000, besides all the factual evidence that defendant was not present, there's also the audio transcripts which does not match, the audio there is no FNU LNU #17 present so at trial how could agent Popovits 100% certainty testimony be held accountable when there are two diffrent versions of the audio recordings and this tainted evidence described defendant as not being present or involved in the may 02, 2000 drug transaction, because agent Popovits did not testify to defendant being present on the audio. Agent Hawkle testified to

Pg. 5

remember seeing defendent standing around after the drug, not selling drugs but hanging in the back of the 3400 South western building. The U.S.C.A for the Seventh Circuit said that 9 days of the identification was relatively a short delay I opinion at 454 F.3d 642 * U.S App. Lexis 17992, Eyewitness Identification [ H 7 ]. Defendents counsel should have filed for a rehearing enbanc and requested a evidentiary hearing. The district court should grant to dismiss the motion for misidentification with prejudice, or grant evidentiary hearing.

Ground 3 - posttrial motion (Motion for aquittal should have been granted (trial 02-13-04 oral).

Defendents argues that at trial February 13 2004 agent Popovits testified as defendents adverse witness on direct examination. Agent popovits testified to gang ledgers that were found at co-defendents home (lamont white) and defendents name didn't appear on any of the attendance sheets even before

PS. 6

Counsel made stipulations to the testimony of witnesses and contradiction to there prior statements, the government stipulated to no rebuttal (tr. 795-802). The government was allowed to use the testimony of Chicago police officers and February 1999 alleged drug transaction by Chicago Housing Authority police officers for 404(B) evidence for identification purposes the district court stated it was used for the purpose of comfirming the identity of defendant (post trial motion order 02 cr 895-16 at Motion for New trial ps. 4, (c), when the government objected to the identification of defendent (tr. 886) February 17, 2004 the government said that officers testimony was not used for identifying defendent and defendent did not testify on the stand or represent himself, why was these officers allowed to testify and the fact that February 1999 alleged drug transaction was outside the Conspiracy. Defendent due process rights have been violated. Defendent post-trial motion was filed March 12, 2004 and government responded September 21, 2004 without filing for extension of time. The district court denied the motion November 29, 2004 (8 months later)

Pg. 7

Doc. Nos 840-2, 930-2 and 840-1, 930-1 Post-trial Motion. During several sentencing dates defendant requested a ruling on the post-trial Motion (judgement for aquittal or New trial). May 13 2004 defendants attorney requested a decision to the Motion (pg. 16) Mr. Shobot: Two quick things, Judge. I will do that, Judge. First of all, we filed post-trial motions. THE Court: Correct. What I often do is enter a written ruling on those at the same time as sentencing. But in this case I will do a written ruling before thursday. Next court date was August 18 2004 (sentencing), and defendant stated "THE Defendant: But my attorney also filed a motion for aquittal, for a new trial. Mr. Shobot: Judge, there are post-trial motions still pending. THE Court: why don't we say this? Mr. Shobot: I think the last time you had indicated the government — . THE Court: I will rule on the post-trial motions between now and when we get back together in September that way you will at least have those out of the way. The Defendant: Thank you, your honor. THE Court:

pg. 8

all right how about a status in September, September 20th? does that work? It's a Monday. Mr. Shoboot: September 20th is fine, Judge. What time did you want to set that for? THE COURT: We better make it the 21st at noon. Would that work? Defendant went to court September 01, 2004, which happen to be an error because, defendant was scheduled for September 21 2004 and the Marshels failed to bring defendant to court on this date. Defendants next available court date was November 09 2004 and the issue of the post-trial motion was not heard while defendant was present in court. This issue was never argued at the decision or on appeal as to why it took the government over 6 months to respond, from (March 12, 2004 - September 21, 2004 and when the district court stipulated it would answer the motion on each following court date (August 16 2004 Sent. pg. 6). defendants motion for acquittal should have been granted on each occassion February 13, 2004 and November 29, 2004. and the jury should not have been allowed to possess transcripts without defendants

Pg. 9

knowledge of what was being passed around. (Tr. 788), and counsel should have objected to the tainted evidence.

Ground 4 - Sentencing (Correction of Sentence) February 13, 2006 and Dismissal of Counts 1 and 2 of Superseding Indictment by United States of America.

Supporting Facts: Defendant was indicted on a Superseding indictment January 16, 2003 of count 1 and 2 because he wasn't on the original indictment of September 18 or 19th of 2002, but the defendant did demand trial November 19, 2002 while in the Illinois Department of Corrections, which is why defendant believes is the reason he was processed on the Superseding indictment, because he ascertain his right to trial while being federal detained (Illinois River correctional center to detain Tommy Jones October 30, 2002). Defendant was escorted to court August 21, 2003 by the Illinois Department of Correction officers to be arraigned in the United States District Court Northern District of Illinois Eastern Division. Defendant proceeded to trial February 09, 2004 and was found guilty February 17, 2004. Defendant

pg. 10

was sentenced January 28, 2005 and the government filed a Motion to dismiss count 1 and 2 of the superseding indictment at the time of sentencing which would require for all proceedings waived even if government changed the charge of conviction, the indictment has been dismissed and defendant has been in continuous custody for 60 month because prior conviction for sexual abuse has been overturned and January 28 2005 sentencing pg. 86, The Court: my silence on this matter effectively has that result effectively. I will of course, acknowledge that Mr. Jones is entitled to credit for all the days he served in federal custody against his sentence - ( detained U.S Marshal October 30, 2002 For TOMMY Jones B58905) in the Illinois Department of Corrections Cook County, Illinois case no. 01-30391 sexual abuse has been overturned and ultimately dismissed, Defendant paroled to U.S Marshal for this offense March 21 2005 and conviction overturned May 27, 2005 but defendant has been on National Data base and this conviction needs to be expunged off federal record. THE District Court filed February 13, 2006 for amended

Judgment for correction of sentence during the time the Seventh Circuit court of appeals was deciding the defendants conviction of 300 months, the appeals court affirmed the decision of the district court sentencing defendant to 300 months, when the district court corrected defendants sentence 02-13-07 without the defendents knowledge, the defendant found out through the institution he was being detained at the time. Defendent request immediate release for the dismissal the government filed dismissing counts 1 and 2 and defendent sentence corrected from the judgment 02-13-06 of this district court and credit for all time concurrent with detainer (state custody 10-30-02) offense ended September 2002 statue 5 yrs. with all the issues above Petitioner request relief:

Petitioner address
Tommy E. Jones #16318-424
U.S.P Atwater
P.O Box 019001
Atwater, California 95301

Respectfully Submitted

Tommy Jones

245C (Rev. 03/035)

# United States District Court
## Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case Number: 02-CR-895-16 |
| ) | Judge: Rebecca R. Pallmeyer |
| Tommy E. Jones ) | |

Steven Shobat, Defendant's Attorney
Eric H. Sussman, AUSA

## AMENDED JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Date of Original Judgment:    January 28, 2005

Reason for Amendment:    Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

**THERE WAS A:**

jury verdict of guilty as to count(s) 1s, 2s of the Indictment.

Count(s) 1, 2 are dismissed on the motion of the United States.

[Stamp: A TRUE COPY-ATTEST MICHAEL W. DOBBINS, CLERK by [signature] DEPUTY CLERK U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS DATE: FEB 17 2006]

**THE DEFENDANT IS CONVICTED OF THE OFFENSES(S) OF:**

| Title & Section | Description of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| *21 U.S.C. §§846 and 860 | Conspiracy to Possess with Intent To Distribute Narcotics | 9/2002 | 1s |
| *21 U.S.C. §§841 and 860(a) | Distribution of Narcotics Near a Public Housing Facility | 9/2002 | 2s |

The defendant is sentenced as provided in the following pages of this judgment. The Sentence is imposed pursuant to the Sentencing Reform Act of 1984. Other than the amendments or modifications stated in this judgment, the judgment entered is to stand (see attachment)

Page 2 of 3

Date of Imposition of Judgment/Sentencing: February 13, 2006

_____
REBECCA R. PALLMEYER
UNITED STATES DISTRICT JUDGE

Dated at Chicago, Illinois this 14th day of February, 2006

11-06-07

Tommy E. Jones # 02 cr 895-16

RE: Honorable Rebecca R. pallmeyer

This letter is in regard to the Motion For U.S.C 2255 and addendum which is attached to this letter, and amended judgment, defendant prepared the addendum by alpha smart computer, but was unable to have the Motion printed out due to the circumstances of this facility currently being locked down, and defendant argued some issue from his memory even though he was unable to obtain the transcript of proceeding to state all his remedies. Defendant has attached the amended judgment that was given to him at Greenville Correctional Center last year. Defendant also recieved the resubmit of the Motion for transcripts which the district court reconsidered it's ruling, but defendant wants to meet the deadline of when the conviction became final (1yr from final judgment), or the date it was denied to be heard.

Sincerly

[signature]