

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

FEB 12 2008
FILED
FEB 1 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TOMMY E. JONES,            )
    Petitioner,         )
vs.                        ) Case No. 07-C-6379
UNITED STATES OF AMERICA,  ) MAGISTRATE JUDGE KEYS
RESPONDENT.
                          ) HONORABLE REBECCA R. PALLMEYER

                          ) U.S. ATTORNEY
                          ) ERIC SUSSMAN
                            219 S. DEARBORN
                            CHICAGO, IL 60604

MOTION FOR LEAVE TO AMEND MOTION FOR 28 U.S.C.2255 IN FORMA PAUPERIS

    NOW INTO COURT COMES Tommy E. Jones, petitioner appearing through pro-se litigation representation and respectfully moves this Honorable Court for leave to file an amendment to his Motion For 28 U.S.C 2255 Habeas Corpus petition pursuant to federal rules of civil procedures, Rule 15(d) and before U.S Attorney files there response WILLIS V.COLLINS 989 F.2d 187,189 (5th cir 1993). Petitioner request

permission to add onto the original Motion For ?2255 and addendum to correct any typographical error and any additional issue that petiioner did not cite in his arguments dated November 05, 2007 because petitioner did not have possession of the pre-trial motion and trial proceedings, until recieved by Attorney Mr. Steven Shobat November 09, 2007 (order by district court and under Tommy E.Jones case no.02 cr 895-16). petitioner proceeded with filing his Adequate Motion For 28 U.S.C 2255 by the deadline of November 26,2007 even though this current penitentiary has constantly been going on lockdown since that time.. In support of this motion petitioner states as follows: Petitioners first issue was the Interstate Agreement On Detainers Act.

Ground 1 with factual support: in which petitioners speedy trial rights were in fact violated because petitioner was not brought into the jurisdiction where the charges against him occured within 180 days after his demand for trial as required under aricle III and V (c) of the I.A.D.A where the indictment is dismissed with prejudice for violation of speedy trial. The district court stated December 09, 2003 Motion for dismissal pg.21 THE COURT: I would dismiss the indictment without prejudice. Pg.22 THE COURT: That gives the government leave to reindict Mr. Jones if thats necessary under the circumstances, which I don't even know. The district court had knowledge of petitioner's demand for trial, but without petitioner's attorney argument or proof of the District Court or U.S Attorney recieving the demand (U.S.A V.Epps 02 cr 0895) the argument becomes moot and there will be a denial of ever recieving the demand if not argued from the record in which

case in the long run you have double jeopardy issues. Counsel argued that petitioner's case was similar to the head case from the Supreme Court FEX V. MICHIGAN 507 U.S 43 (1993) which was decided diffrent from petitioner's case because FEX waited to give the recieving state (Indiana) his demand 196 days after he got it and 177 after the request was recieved by Michigan when petitioner in this case immediately executed his demand and the demand was recieved in the jurisdiction within a matter of days not weeks or months. Once petitioner was not brought to trial within 180 days as required, petitioner filed with the court a motion for dismissal of the charges with the District Court while in state custody. The District Court or the U.S Attorney's office did not respond until a couple of months later after petitioner wrote the court about the demand, once petitioner was writ to court (Petition for writ of Habeas corpus Ad Prosequendum by U.S. Certified copy to U.S Marshal service 08-07-03) by the Illinois River Correctional Institutional officers instead of U.S Marshals, August 21, 2003 petitioner was not in fact read his Miranda rights once he was recieved in the prosecuting district (August 21, 2003, and March 24, 2005 the day he paroled to U.S Marshals service). Petitioner never gave a statement like other co-defendants and has denied having direct knowledge about the case or the circumstances revolving around it (plead not guilty to the charges at arraignment August 21, 2003 and September 10th 2003. The issue for Motion to Dismiss Indictment under I.A.D.A and In court and Out of court misidentification under newly discovered evidence, can still be decided because they were denied without prejudice.

Petitioner argues that a Violation of petitioner's speedy trial rights and Miranda rights.

Ground 2 for factual support: Issue was the misidentification of petitioner from alledged drug transaction May 02, 2000. Agent Popovits testified to seeing petitioner before tr.102 and then on voire dire cross the agent tesified that on May 02, 2000 he actually never saw Tommy Jones in person tr.pg 144,(District court agreed that agent Popovits had to have seen petitioner more than once to identify him,December 09,2003 pg.23).The agents contradicting testimony which was unreliable to establish that petitioner could not have sold the agent drugs or recieved any money if he never engaged in a transaction with Zolicoffer or agent Popovits and from the evidence Zolicofer's voice was identified as a speaker on both the tainted audio recording not Jones, and Popovits contradicting statement an testimony to petitioner asking "how many" tr.105,216 to the petitioner not talking at all tr.214. to justify the fact that petitioners voice was not on the audio recording or part of the drug transaction. Popovits claims to not remembering when he found the photo of petitioner tr.149, that's because he was not the agent who alledgedly identified petitioner. Popovits and Zolicoffer claim that petitioner was part of the May 02, 2000 drug deal, but Zolicoffer admitted that he was told by the agent who was present. Zolicoffer also testified to not knowing petitioner's full name when he described the incident about petitioner's kidnapping incident, but said he was mistaken about not saying petitioner's real name on the report tr.pg 728. Zolicoffer

said that the agents read him the report about what happen May 02,2000 tr.pg 730, which means he was lead to testify to what the agents wanted him to say about petitioner. Zolicoffer also testified to petitioner being involved in a violation attending meetings or being regent (supervising role) but defendant isn't involved with any co-defendants drug sales or gang meetings between July of 1999 to the alledged transaction of May 02, 2000 or from that date until the alledged kidnapping August 26, 2000 or when petitioner was released May 24, 2001 until November 15, 2001 the day of petitioner's incarceration and counsel stipulated to May 24, 2003 which was an error tr.226., so how could petitioner be part of a conspiracy when Popovits, Zolicoffer, Butts, Mobley or Harrington testify to petitioner being out there everyday distributing drugs, this allegation misidentified petitioner as being present May 02, 2000,and any other day between July of 1999 to November 2001 because the only date petitioner was identified was June 28, 2000 and he was not in fact distributing drugs but socializing with alledged conspirators and these individuals should have been impeached,because the government stipulated to there contradicting testimony. Mr. Richard Epps (leader of conspiracy) testified at the grand jury that petitioner associated with individuals and was not part of the conspiracy or drug deals. Mr.Epps appearance at trial would have effected the governments witnesses statements even though Mr. Epps came with a completely diffrent version days before petitioner proceeded to trial and his proffer would have effected (PERJURY) other individuals he would have testified on in the future, present or past. Even though agent

Hankle testified to defendant standing in the back of the 340 S. Western building hanging around after the drug deal but never placed it in his report.tr.762, so how could petitioner have sold drugs everyday when agent Hankle testified to times he came to the 340 building petitioner never sold drugs only standing in front of the building as to standing in back of building in the courtyard ,tr.pg 769. Popovits testified to the same act of occurance June 28,2000 tr.223. Popovits also testified to petitioner never selling drugs or met before the alledged May 02, 2000 transaction or after. tr.190, Popovits testimony to never actually seeing petitioner in person tr.145. Petitioner is observed on the June 2000 video recording which was the only recording of petitioner, and he wasnt involved in the drug deal that occured that day even Gov.witness, John Harris testified to petitioner having expensive neccessaties but never seeing petitioner dealing drugs while visiting the 340 S. Western building tr.635. Mr. Harris even testified to petitioner living with him and babysitting because he considered him and petitioner like cousins not (Dna) Deoxyribonueic acid relations,but they lived together in the Rockwells Garden Housing Projects tr.633-634, so the petitioner has the right as a United States citizen to be present around the 340 S. Western or 2514 W. Van Buren building even though bad acts occured, petitioner was not associated with or had knowledge that a conspiracy was taking place, or should he be held guilty by association. The identification of petitioner should have been withdrawn and petitioner motion for misidentification should have been granted Motion for in court and out of court misidentification

which was denied without prejudice (December 09, 2003) meaning that this court has jurisdiction to grant petitioner's motion for misidentification because these arguments prove petitioner was not part of the May 02, 2000 drug transaction when the real perpetrator was part of the photo line-up along with petitioners photo and he was not identified tr.560. Petitioner argues that the tainted photo display misidentified petitioner as being present May 11,2000 and by agent hugo ,Task force officer brown or Tom Mcdonagh on May 02,2000 tr.212,and this issue should have been presented under knewly discovered evidence which counsel should have filed for in his posttrial motion or on appeal and he should have been aquitted of the charges or a evidentiary hearing rule 8 (c) held. Fundamental miscarriage of justice when a petitioner can prove that a Constitutional violation has probally resulted in a conviction when he is actually innocent (Factual Innocence).

Ground 3 for factual support: post trial motion should not have been denied by the district court. The government asked that time be excluded and the district court said it would not exclude time because a date by agreement was set for trial January 20,2004 and the government said there would be no more motions filed December 09,2003 transcript of proceedings pg.30 -31,but the government filed to re-set trial date when petitioner never agreed and a consolidated pre-trial motion in limine by U.S.A and the government submitted new evidence about drug transactions of individuals from other buildings in the rockwell gardens housing projects which defendant has nothing to do with or was part of any drug sales that occured

and Counsel should have argued for a violation of petititoners speedy trial rights when there was an agreement for no exclusion of time. Petitioners counsel at trial should have asked what transcripts were being distributed, because those transcripts could have been related to the outcome of petitioners trial tr.798. The jury should not have been allowed to hear about petitioner's prior case unless the jury was allowed to hear that the offenses were dismissed which would have proven that there was overzealous law enforcement and the jury would have decided diffrently knowing that there was something improper about it, Petitioner was actually innocent.tr.786. Mr.Shobat(counsel) also argued under the verdict forms that if the jury find petitioner guilty turn to page 2 and not guilty page 3, but then Mr.Shobat said "If we agree that if the jury were to mark him not guilty on page 1, but then go on to find an amount of the conspiracy. The Court:we would just strike it. Mr.Shobat: That he's still not guilty. Mr.Sussman: Absolutely. When the prosecutor agreed the court said if they were to do that,I'd send them right back. Mr.Shobat:Well if they say not guilty, I dont want you to send them right back. The Court: Then tell the Court of Appeals you won,and you very well have tr.845-846, the prejudicial statement should have won petitioner a aquittal or a new trial and counsel did not argue this bias statement.The issue of 404 (b) evidence was used for identifying petitioner. When the identification was made the officers Conrad, Jasica said during the search they never found any drugs and drug dealers are known to keep drugs in there homes. These officers still did not remember the incident because it was along time ago

tr.pgs 430,431,450,465,466,473,479 so they were permitted to read the case from the report just as petitioner was the only individual at trial so the identification would not have been difficult for the officers to identify him at trial. 404(b) of the federal rules of evidence forbids the use of a defendants history of illegal or unethical acts to prove that he is a character of bad character and likely therefore to have committed the crime of which he is accused in the present case or perhaps some other, undetected crime for which they believe he should be punished(Drug possession February 1999, Sent.76 UUW November 1999).The government argued that there was going to be evidence to prove petitioner sold drugs indicating that there is a video tape of petitioner being out there at the 340 building besides the fact that agent Popovits misidentified petitioner. THE COURT: Wait a minute.I thought there was going to be--is that true? There is no evidence? You are not going to offer anything other than February of 1999 that he was selling drugs. MR.SUSSMAN: Other than cooperating witnesses,no. Agent Popovits is going to testify he bought drugs from him.We have got--.THE COURT: Then what do we need this for? Is Mr.Shobat telling us the truth or not telling us the truth when he says there is no evidence other than this February of 1999 incident that Mr.Jones ever sold drugs to anybody tr.60-61. Petitioners arrest for drugs was the only evidence that the government could prove that petitioner possessed drugs and this alledged offense was dismissed other than the fact that petitioner was present on the only video of the conspiracy which was june 28,2000 talking, not selling drugs as alledged on May 02,2000 the district court was

correct the government didnt present no evidence. Besides the cases from Cook County, Illinois Agg Kidnapping no.00-25599, Agg UUW no.00-25600, and Agg Sexual Abuse no.01-30391 Sent.pg.78 which were used for sentencing purposes as a victim impact statement, sentencing May 13, 2004 and January 28, 2005 Sent.pg.58-60 in which all of these cases have been dismissed or petitioner was aquitted of charges. The victim impact statement is considered out of court statements and should not have used to sentence petitioner when the victim impact was allowed into evidence at sentencing for purposes which was inaccurate information and Mr.Harris did not testify to this allegation at trial. The district court stated that petitioner has not paid child support for his daughter when petitioner daughter lived with him and Mr. Harris before the kidnapping and UUW occured in the year 2000 tr.633. Petitioner took responsibility for his child and Mr. Harris' children. All the foregoing reasons above the government believed that those acts were "inextricably interwined" with the conduct of which the defendant was accused of in this case and that the jury and district court judge needed to know the bad acts in order to form a complete picture of that conduct. Prosecutorial Misconduct Sent.59 and Over zealous Law Enforcement (prior cases) counsel should have moved forward to argue this issue for relief: aquittal under Newly Discovered evidence, or Evidentiary Hearing with counsel under 18 U.S.C 3006 (a)(g).

Ground 4 with factual support: Sentencing and Dismissal of counts 1 and 2. Counsel argued that petitioner should have been sentenced under 841 (B)(1)(C) for unspecified drug

amount, on count 2 which was the only evidence that was shown to the jury of 4.2 grams of crack cocaine that petitioner alledgedly distributed with Micheal Zolicoffer, the jury found the conspiracy count was for 50 grams or more of cocaine base not 1.5 kilograms of crack cocaine which the district court sentenced petitioner to because a alledged sale of 4.2 grams a day would amount to that calculation when theres no evidence that petitoner sold drugs. Petitioner should have been sentenced the same as powder cocaine offenses under 841 (b)(1)(C) for unspecified drug amount and petitioner was indicted for cocaine, cocaine base. The government called upon chemists with the Drug Enforcment Agency to stipulate that the drugs tested positive for cocaine base tr.127. The District Court filed for an amended judgment February 13, 2006 for the correction of sentencing (attached to Motion For 2255 addendum), and petitioners sentence should be corrected under rule 60, due to the Seventh Circuit ruling evidently not having knowledge that the district court changed petitioners sentence (February 13, 2006) before the appeals court decision July 18, 2006 case no.05-1489 without consulting the appeals court even though the change would be part of the record before the decision came down. Petitioner was indicted under a superseding indictment January 16, 2003 on counts 1 and 2 he was not on the original indictment when the offense ended in September 2002 and the government filed to have complaint dismissed 12-20-02 case no.02 cr 895-16 docket no.130 , unopposed motion by U.S to dismiss complaint. Petitioner was arraigned under the same charges from January 16, 2003 superseding indictment to the second superseding indictment

August 21, 2003 in which the jury found him guilty of February 17, 2004 and the following year the government filed a motion to dismiss counts 1 and 2 of superseding indictment and the jury found him guilty of the same charge count 1s and count 2s of the first superseding indictment. The government chose to file a motion to dismiss counts 1 and 2 at the time of sentencing (final judgment February 15, 2005),which would waive all the proceedings that occured before trial and after. Petitioner has remained in custody since February 15, 2005 without being re-indicted under new charges. Petitioner has been placed at a federal correctional institution until he was assaulted and involved in several fights then transfered to a United States penitentiary where he was assaulted again and placed petitioners life in harms way, when petitioner pleaded with the court that a mistake has been made.01-28-05 sent.76 and pg 83. Petitioners argument is that if the government filed to have these counts dismissed, then petitioner should have been held at a more secure facility for example the Metropolitan Correctional Center awaiting release or re-indictment but the district (Court) stated plainly "that there not in the business of keeping people in custody who are entitled to be out".sent pg.31. The government has waived there right for re-indictment,because the offense ended January 16, 2003 when petitioner was indicted on a superseding indictment of counts 1 and 2 ,the government sought to dismiss the charges of the superseding indictment and had 5 yrs to re-indict petitioner January 15, 2008,even though offense ended september 2002 (statue of limitations 18 U.S.C.A 152 ,3282,3284 Statue of limitations 5 yrs when doubt exist about statue of limitations

in criminal case,limitations period should be construed in favor of defendant.Criminal law 146. Petitioner was processed on the superseding indictment and arraigned under the same charges that the jury found him guilty of and counsel showed ineffectiveness by not arguing the negligence on the government,but by law counsel is officers of the court.Petitioner request dismissal of counts 1 and 2 with prejudice and any other indictment that follows with immediate release, the sentence of 300 months corrected and fine of 3,200 dollars expunged and petitioner should not be held in jail because he was unable to pay the fine by April 17,2006 because of his indigent status, correction of sentence 02-13-06 even though at this time frame petitioner was in fact at the Metropolitan Correctional Center awaiting designation or release Petitioner also requested that his conviction for sexual abuse be expunged off federal international data base for sex offenders when petitioner was paroled to U.S Marshals March 24, 2005 and this conviction was overturned May 27, 2005. For all the foregoing reasons petitioner counsel was ineffective and each issue above should have been argued correctly in the presence of the Seventh Circuit Court Of appeals and The United States Supreme Court for relief. Petitioner request relief for violations of his constitutional rights of Double Jeopardy, Due process of law, Speedy trial violation ,violation of Miranda Rights, prosecutorial misconduct and with all due respect Judicial Prejudice,Petitioner request relief: Dismissal of counts 1 and 2 of superseding indictment, fine and correction for sentencing because petitioner is illegally being detained..

Request response within 20 days as under rule 81 (a) (2) of civil procedures.

CERTIFICATE OF SERVICE

I hereby certify under penalty and perjury that i served the foregoing motion on The United States District Court of Illinois and The United States Attorneys Office for The Northern District of Illinois Eastern Division   by placing the aforementioned motion in the institutional mailbox on February 05, 2008 with U.S Postal prepaid and duly affixed.

Tommy E. Jones # 16318-424    United States Penitentiary Atwater    P.O Box 019001    Atwater, California 95301