UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TOMMY JONES, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case Nos.   07 C 6379 |
| | ) |              02 CR 895 |
| UNITED STATES OF AMERICA | ) | Judge Rebecca R. Pallmeyer |
| | ) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S SECTION 2255 MOTION**

The UNITED STATES OF AMERICA, through its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully responds to defendant Tommy Jones' motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.  In support of its response, the government states as follows:

Defendant Tommy Jones and several other co-defendants were charged in a criminal complaint on September 17, 2002, for conspiracy to distribute heroin, cocaine, and cocaine base, in violation of 21 U.S.C. § 846.  On January 16, 2003, the grand jury returned an indictment against the defendant charging him with one count of conspiracy to distribute crack cocaine within 1000 feet of a public housing complex (21 U.S.C. § 846) and one count of

distribution of crack cocaine within 1000 feet of a public housing complex (21 U.S.C. § 841). On August 21, 2003, the grand jury returned a superseding indictment against the defendant, again charging him with conspiracy and distribution of crack cocaine. On February 17, 2004, a jury found defendant guilty on both counts contained in the superseding indictment.

Defendant filed post-trial motions challenging several pretrial rulings and trial rulings. After considering written filings, the district court denied all of the defendant's post-trial motions. On January 28, 2005, the district court sentenced defendant to 300 months imprisonment. The sentencing order was entered on February 23, 2005. Defendant filed a timely notice of appeal on February 24, 2005.

In his appeal to the Seventh Circuit, defendant raised four issues: (1) that his indictment should have been dismissed for violations of the Interstate Agreement on Detainers Act (IAD); (2) that the trial court erred by admitted eyewitness testimony from a case agent because the identification process was unduly suggestive; and (3) that the trial court erred in not requiring the jury to find the exact amount of cocaine attributable to each defendant beyond a reasonable doubt; and (4) that the trial court improperly sentenced him in violation of the Due Process Clause of the Fifth Amendment and the Ex Post Facto Clause. *United States v. Jones*, 454 F.3d 642 (7th Cir.

2006).

On July 18, 2006, the Seventh Circuit denied Jones' appeal and affirmed this Court's decisions. *Id.*

On November 9, 2007, after having his petition for certiorari denied, defendant filed his § 2255 motion with this Court raising many of the same issues as were raised in his appeal to the Seventh Circuit. Specifically, defendant contends: (1) his speedy trial rights under the IAD were violated; (2) the eyewitness testimony against him was unduly suggestive; (3) he was improperly sentenced; and (4) his post-trial motions should have been granted.[1]

## **ARGUMENT**

The Seventh Circuit has repeatedly held that although formal rules of *res judicata* do not apply in § 2255 proceedings, the law-of-the-case doctrine precludes a petitioner from relitigating issues in a collateral proceeding that were previously decided on his direct appeal. *See e.g., White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004); *Harris v. United States*, 366 F.3d 593, 595 (7th Cir. 2004); *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995). "Contentions that were raised on a prior appeal, even if they are reformulated

[1] It is difficult to determine the precise legal basis of defendant's challenge based on the facts alleged in his motion.

under different labels or on expanded allegations, cannot be relitigated under § 2255." *McCarroll v. United States*, 2001 WL 476590, at *2 (N.D. Ill. May 2, 2001) (Coar, J.). Accordingly, absent a showing of changed circumstances of fact or law, courts will not reconsider an issue that was already decided on direct appeal. *Olmstead*, 55 F.3d at 319. Here, defendant raises essentially the same claims that were previously raised and rejected by the Seventh Circuit in his direct appeal. *See Jones*, 454 F.3d 642. As such, those claims should be denied by this Court.

The only claim raised by defendant that appears slightly different from those presented in his direct appeal is "Ground Three" of his motion, in which defendant argues that his post-trial motions were improperly denied. Both the legal and factual bases for "ground three" are difficult to decipher from defendant's filings. However, there do not appear to be any new factual circumstances or changes in the law relied upon by defendant in "ground three." To the extent that "ground three" was not raised in defendant's direct appeal, it would in any case be barred from consideration by this Court on collateral review unless defendant can establish cause and prejudice. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (general rule is that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice). In sum, "ground three" was

either considered and rejected by the Seventh Circuit and is barred by the law-of-the-case doctrine, or alternatively, it has been procedurally defaulted because it was not raised by defendant on direct appeal. Either way, this Court should deny defendant's current motion.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the United States respectfully requests that this Court deny defendant Tommy Jones' motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: _____
    ERIC H. SUSSMAN
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-1412

## CERTIFICATE OF SERVICE

  The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

**Government's Response to Defendant's Section 2255 Motion**

were served pursuant to the district court's ECF system as to ECF filers, if any, and were sent by first-class mail on March 24, 2008, to the following non-ECF filers:

| | |
|---|---|
| Richard Epps<br>#15248-045<br>Metropolitan - MCC<br>71 West Van Buren<br>Chicago, IL 60605 | Garry A. Payton<br>Law Officers of Garry A. Payton<br>164 Division Street<br>Suite 203<br>Elgin, IL 60120 |
| Victor M. Pilolla<br>Attorney at Law<br>3054 Tangles Oaks Trail<br>Lisle, IL 60532-3839 | |

              /s/ Eric H. Sussman
              ERIC H. SUSSMAN
              Assistant United States Attorney
              219 South Dearborn Street
              Chicago, Illinois 60604
              (312) 353-1412