

UNITED STATES DISTRICT COURT

IN THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

APR 2 2 2008

FILED

APR 2 2 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| TOMMY E. JONES, | Case no.07 C 6379 |
| PETITIONER, | Honorable Rebecca R. Pallmeyer |
| | U.S Attorney |
| VS. | Eric S. Sussman |
| | 219 s.Dearborn |
| UNITED STATES OF AMERICA, | |
| RESPONDENT. | |

MOTION FOR LEAVE TO FILE A REPLY TO THE GOVERNMENT'S RESPONSE FOR ADEQUATE 2255 MOTION.

The defendant Tommy E.Jones proceeds pro-se litigant to argue the factual basis of the ineffectiveness assistance of his counsel and other procedural defaults, and constitutional violations. The government responded to defendant's Motion for 21 U.S.C 2255 to vacate, set aside or correct sentence, now the defendant replys stating the facts and laws of his motion arguing as follows:

The defendant filed facts leading to the ineffectiveness of his counsels representation, and the government's arguement

that defendant cited the same issues as counsel did during pre-trial proceedings, trial and sentencing (1) The Interstate Agreement On Detainers Act (2) The in-court and out-of court misidentification of defendant (3) The jury findings of unspecified amount of drugs attributed to the defendant (4) The defendant was improperly sentenced which violates his due process and Ex Post Facto Clause, and now the government claims under one of there recent cases Massaro V. United States 538 U.S 500 (2003) that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.At one time the government had taken a position that "claims of ineffective assistance of counsel...must be brought in...a [section 2255] motion proceeding and not on direct appeal.see United States V.Cronic,466 U.S 648,667,N 42 (1984). The defendant argues that under the MASSARO case, the supreme court overruled the appeals court decision and remanded and reversed the case in ruling with the other circuits Guinan V. United States,6 F.3d 468 (CA7 1993), United States V.Jake,281 F.3d 123,132,n 7 (CA3 2002),United States V King,119 F.3d 290,295 (CA4 1997),United States V.Rivas,157 F.3d 364,369 (CA 1998) United States V.Griffin 699 F.2d 1102,1107-1109 (CA 10 19983). The Supreme Court do not hold that failure to raise an ineffective-assistance of counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under 2255 Motion. Under Pennsylvania law of collateral review, a convicted criminal claim of trial counsels ineffectiveness is not waived because new counsel on direct appeal did not raise a claim related to prior counsel's

ineffectiveness, but in this case the defendant could not raise a ineffecive assistance claim on direct appeal because counsel represented him on all proceedings and now defendant has a right to file ineffectiveness claim under Strickland V.Washington (1984) 466 U.S 668,80 L Ed 2d 674,104 S Ct 2052. The defendant has demonstrated cause and prejudice in which counsel's failure to argue issues correctly or bring issue's to the courts attention which could have given defendant relief. Not only did counsel deny the defendant of more than a fair judicial proceeding, it deprived him appeallate procedures altogether, Pennsylvania V.Finley,481 U.S 551,555,107 S.Ct.1990,95 L.Ed 2d 539 (1972). Defendant argued factual basis from the record in his Adequate Motion for 2255, counsel failed to argue despite due diligence and convincing evidence, if counsel would have argued the constitutional errors and facts then defendant would not have been convicted U.S V. Serrano,434 F.3d 1003 (7th cir. 2006),Glasser V. United States 315 U.S 60 (1942).

Issue 1. Interstate Agreement on Detainers Act.
Defendant was appointed counsel September 10, 2004 and at this time, the defendant explained his Speedy trial violation. Defendant's counsel filed a motion for dismissal for I.A.D.A and misidentification issues. Counsel filed an affadavit with the court stating that the marshals office recieved the demand (Detainers form) November 30,2003 in the Northern District of Illinois, by Beverly Town of the U.S Marshals office, counsel also stated that he requested a copy of the form, but under Marshal Service policies the marshal stated he could not

provide one to counsel. Counsel should have filed with the court a order to obtain the original executed form from the Marshals office. Counsel did not investigate or bring to the attention of the court that defendant wrote the court about the violation of his speedy trial rights while in state custody under the original indictment and complaint which was dismissed and counsel did not in fact raise these issues during any of the proceedings. Counsel showed caused and prejudice to the defendant, and on appeal the government admitted the original form(I.A.D.A. detainer form) into evidence, that defendant executed and this form was placed in their brief and counsel did not argue this in his reply brief, rehearing en banc or under newly discovered evidence on appeal. The appeals court stated in there opinion that defendant "cannot show" it was recieved by the District Court or U.S Attorney office when it was in fact recieved by both parties and counsel showed cause and prejudice when defendant' speedy trial rights and due process were in fact violated when the government has constantly said they did not recieve the form or had knowledge that it was recieved by the Marshals office.see Zedner V.United States 547 U.S 126 S Ct,146 L.Ed 2d 749. The govenment claims that the marshals office are not agents for them, but the government are the ones who files the warrant and detainer for a defendant's arrest and counsel showed cause and prejudice to the defendant by not arguing these issues.. Defendant has cited facts on Motion for 2255 addendum and amendment and now cites case law for speedy trial violations. United States V.Taylor 487 U.S. 326,341-44 (1998),Barker V.Wingo 407 U.S 514,522 (1972) Barker requires

dismissal for violation for 6th amendment speedy trial; district courts may not fashion less extreme remedies such as reduction of sentence. United States V. Koller ,956 F.2d 1408,1414 (7th cir 1992) An 8 and a half month delay triggered Barker inquiry. In defendant case the detainer was recieved in the Northern District of Illinois November 30,2002 and defendant was not arraigned until August 21,2003 when the set date for arraignment for defendants was February 14,2003 (January 27,2003 minute order #193 Tommy E.Jones 02 CR 895-16) in which if defendant was recieved in the prosecuting district at this time, the government would not have violated his speedy trial rights counsel did not address any of the above issues and showed ineffectiveness for cause and prejudice.

Issue 2. Misidentification for cause and prejudice.
Defendant was described as FNU LNU #17 (First Name Unknown,Last Name Unknown) by agent Popovits May 02,2000 of the alleged drug transaction, and counsel argued the issue incorrectly on all proceedings. Counsel argued during pre-trial proceedings (December 09,2003) the identification was unduly suggestive, and failed to request a evidentiary hearing to cross examine agent Popovits and any other witness of the May 02, 2000 drug transaction and how the photo line-up procedure was done. Counsel was in effective for not arguing during pre-trial or appeal that the audio recording does not match the audio transcript and there was no FNU,LNU #17 present.     b The video recording of the transaction proved that defendant was not present and the audio which did not identify the defendant on the Title III

wiretap. At trial the agent testified to the defendant not being present and never met the defendant before and on the report he described the defendant as a black male with height and weight which could have been any individual with that description, agent popovits testified to the defendant's present facial appearance at trial stating that what caused the agent to remember him was the droppy eyes and puffy cheeks, which was not placed in the report and the agent tesified to making various mistakes in his report. Agent Hankle even testified to the times that he made drug purchases he never engaged in a transaction with defendant and remembered seeing defendant standing in the back of the 340 S.Western building after the drug deal Mat 02,2000 and not in the building selling drugs. How could agent popovits 100% certainty be proved at trial when agent Popovits made contradicting testimony against on voire defendant, in which he was not the agent who identified defendant during the photo-line up procedure and counsel prejudiced the defendant by not arguing these factual basis on post-trial motion or on appeal in light of the thousands of pages of discovery during the pre-trial stage. The Seventh Circuit court of Appeals ruled that the in court identification of defendant was not sustantively addressed, and the appeals court deemed the issue waived, and 9 days is relatively a short delay of the agents identification of defendant and because of counsels ineffectiveness the appeals court waived the defendants issue. Counsel was in-effective and prejudiced the defendant because he was actually innocent, and counsel did not argue correctly or similar to defendant's arguments on the Motion For 2255

only that Agent Popovits misidentified the defendant. Brady V.Maryland 373 U.S 83,10 L Ed 2d 215,83 S Ct 1194 (1963) (Grandaddy case). Suppression of favorable evidence violates due process. Collier V.Davis 301 F.3d 843 (7th cir 2002). Counsel was ineffective and proved cause-prejudice.

Issue 3-Post Trial Motion- Cause and Prejudice.
The government argue's that this issue was either considered or rejected by the appeals court and cannot be raised on collateral review unless defendant shows cause and prejudice in which case defendant has stated this claim in his motion for 2255 based on factual basis,and now defendant cites other case law's to represent the facts of the case from the issues presented already.. The government does not argue any of the issues,only that "It is difficult to determine the precise basis of defendant's challenge based on the facts alleged in his motion" (government's response to defendant's section 2255 motion pg.3 bottom imprint).The government do not rebuttal any of the argument's the defendant cites,even the fact that it took the government months to reply to the post-trial motion when the district court ordered that the government respond by March 22,2004 (February 17,2004, minute order no.796 and August 04,2004 no.930) which the government defaulted their right to respond under Fed R.Crim P (12 (e),and counsel showed ineffectiveness by not arguing this issue,and proved cause and prejudice even when counsel filed another Motion of aquittal or relief without citing the issue of default on the government and defendant constantly requested a answer to his post-trial motion and counsel did not litigate this argument

on appeal, which case is ineffective even though it was placed in the appellate brief, but not argued. Defendant argue's that the testimony of witnesses was impeaching and the government stipulated with no rebuttal which violated defendants due process rights. see U.S V Burke, 425 F.3d 400 (7th cir 2005), and "The dignity of the United States will not permit the conviction of any person on tainted testimony. see Mearreosh V. United States, 1,77 S Ct 1 (1956) Truthfulness of testimony. United States V. Agurs, 427 US 97,49 L Ed 2d 342,96, S Ct 2392 (1976) Conviction obtained by knowing use of perjured testimony must be set aside if there is any reasonable likelihood that false testimony effected the outcome of the trial. (New trial required). Counsel was ineffective and failed to argue the issue's correctly based on facts from the record and this issue alone proves cause and prejudice based on each issue and merit presented on the motion for 2255 because the defendant should have been aquitted and the post-trial motion granted under procedural default and newly discovered evidence, after reviewing the record and counsel did not file or reply to the Motion which prejudiced the defendant

Issue 4. cause and prejudice- Dismissal of indictment counts 1s, 2s and correction of sentencing.
The government has waived there right to argue this issue by not responding to the factual argument of defendant being illegally detained, and they have defaulted there claim. The defendant was indicted on a superseding indictment of counts 1 and 2 January 16,2003 and was not processed on the original

indictment of September 17,2002. The defendant was charged with Conspiracy to possess and distribute heroin,cocaine,cocaine base under 21 U.S.C 846 and sell,Distribution,or dispense; under 21 U.S.C 841 (a)(1) and 860 (a) 18:2 Aid and Abet on a duplicitous indictment in which count 2 contains two or more offenses in this count. The defendant pleaded not guilty and proceeded to trial February 09,2004 and was found guilty February 17,2004. The defendant was sentenced January 28,2005 and the government filed a motion to dismiss counts 1 and 2 of the superseding indictment without the defendant knowledge. The government can not wait to after all the proceedings has ended to file a motion to dismiss the indictment of the first superseding indictment,even if he was indicted on the same charges in the second superseding indictment once he was arraigned. The government has 5 years statue of limitations to re-indict the defendant from the time the offense ended with him (January 16,2003)-(January 15,2008) even though he was named in the indictment a month before,and his demand for trial November 19,2002 caused for him to be indicted because of the demand,which was recieved November 30,2002 in the Northern District of Illinois. Counsel showed prejudice for not arguing the issue for the dismissal of the counts or notified the defendant about the dismissal,which caused prejudice to the defendant and counsel was ineffective for not arguing this issue on appeal or at the time the government filed the motion to dismiss. The district court filed a amendment for the correction of sentencing for clerical mistake and defendant was being detained at the Metropolitan Center when he should

have been present so he could have known what proceedings were being held against him and counsel did not notify defendant either or filed a motion with the appeals court for the correction of sentencing (February 13,2006),and during this time the appeals court was in the process of deciding the defendant's judgment on appeal (July 18,2006) and counsel ineffectiveness showed cause-prejudice to the defendant for not arguing this issue,when the appeal court affirmed the defendants 300 month sentence and $ 3,200 fine. The conviction must be set aside for the correction of sentence and factually innocent of the crime alleged United States V.Angelos 763 F.2d 859.861 (7th cir 1985).The government constantly argued at sentencing the alleged "bad acts" of defendant and the conviction which was overturned by the Illinois appeals court,the government resisted the fact that defendant alleged kidnapping and U.U.W (Unlawful Use of a Weapon) case was a ruling of not guilty but the government believes that it was not and the government should not have admitted a victim impact for sentencing, the alleged offense or the testimony that the defendant was on the lam during trial prejudiced the defendant when the jury should have heard that the defendant was on the lam because he was actually innocent and trying to protect the victim.Counsel filed a motion for downward departure (May 10,2005) which was never decided only the issue of Blakley,Booker,apprendi,were heard.U.S V.Garcia 439 F.3d 363.remanded because these cases were cited in the sentencing brief defendant was resentenced and because of the changes in the law U.S V.Edwards 397 f.3d 570 (7th cir 2005),Riner V. Crawford 415 supp 2d 1207(2006 DC Nev),U.S V. Pho 433 F.3d 53.

U.S V.Kimbrough 552 U.S (2007),U.S V.Palidino 401 F.3d 471 (7th cir 2005).Due to the dismissal of counts 1 and 2 of the indictment and the statue of limitations has ended defendant request immediate release.United States V.Opprenheimer,242 US 85,37,S Ct.68,61 L.Ed.161 (1916).where the indictment was dismissed on the statue of limitations the ruling was res judicated and the same facts could not be raised in subsequent indictment. Heck V.Humprey,512 US 477,486,129 L.Ed 2d 383,114 S Ct 2364 (1994).In Heck the supreme Court held that in order to recover damages for allegedly unconstitutional conviction,or for "harm caused by actions who unlawfulness would render a conviction or sentence invalid" prisoner must show that the conviction or sentence has been reversed on direct appeal,expunged by executive order,declared invalid by a state tribunal authorized to make such determinations,or called into question by federal courts issuance of a writ of habeas corpus. Amendment 14:All persons born or naturalized in the United States ,and subject to reside .No state shall make or enforce any law which abridge the privaledges or immunities of the citizens of the United States,nor shall any state deprive any person of life,liberty,or property,without due process of law,nor deny to any person within its jurisdiction the equal protection of the laws. For all the above reasons and the leading motion for 2255 ineffective assistance of counsel for cause-prejudice defendant request relief: Sentence Vacated for the correction of sentencing,conviction vacated and immediately released.

CERTIFICATE OF SERVICE

I Tommy E. Jones, certify under penalty of perjury that i served the United States District Court and U.S Attorneys office for the Northern District Of Illinois Eastern Division with copies of the foregoing with the institutional mailing service April 15,2008.

Tommy E.Jones# 16318-424

United States Penitentiary Atwater

PO.Box 019001

Atwater,California 95301

By

*/s/ Tommy Jones*

Respectfully submitted
04/15/08