**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 C 6379 |
| ) | |
| TOMMY JONES, ) | Judge Rebecca R. Pallmeyer |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On February 17, 2004, a jury found Petitioner Tommy Jones guilty of conspiracy to sell, and of an actual sale of crack cocaine. The court sentenced Jones to 300 months imprisonment, and Jones filed a timely notice of appeal. In his appeal, Jones argued four separate grounds of error: first, that the trial court should have dismissed his indictment because the government violated the Interstate Agreement on Detainers Act ("IADA"); second, that the court improperly admitted eyewitness testimony; third, that the court should have required the jury to find the exact amount of cocaine attributable to each defendant; and fourth, that the court made clearly erroneous factual findings during sentencing and otherwise violated his constitutional rights. *United States v. Jones*, 454 F.3d 642 (7th Cir. 2006). The Seventh Circuit rejected these arguments and affirmed his conviction and sentence on July 18, 2006. *Id.*

On November 9, 2007, Jones filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion, filed *pro se*, advances four substantive grounds for relief. First, Petitioner again argues that his rights under the IADA were violated by the government's failure to bring him into this court's jurisdiction within 180 days of his request. Second, Petitioner repeats his claim that eyewitness testimony was improperly admitted. Third, Petitioner argues that his post-trial motions should have been granted. Petitioner's fourth argument, as the court understands it, is that the superseding indictment under which Petitioner was ultimately found guilty was invalid both because it was a superseding indictment and because

it was duplicitous.  Finally, Petitioner argues that his counsel provided ineffective assistance in failing to effectively raise these arguments both at trial and on appeal.  For the reasons set forth below, the motion is denied.

## **DISCUSSION**

At the outset, the court notes that Petitioner has brought this motion *pro se*, and the court therefore construes its allegations liberally.  *See, e.g.*, *Wilson v. Civil Town of Clayton,* 839 F.2d 375, 378 (7th Cir. 1988).  This motion was brought pursuant to 28 U.S.C. § 2255, the purpose of which is "to allow attacks on wrongful custodies."  *Virsnieks v. Smith*, 521 F.3d 707, 722 (7th Cir. 2007).  When deciding a § 2255 motion, courts "will not reconsider issues already decided . . . on direct appeal."  *Olmstead v. United States*, 55 F.3d 316, 318 (7th Cir. 1995).  This principle dooms two of Petitioner's claims: Specifically the Seventh Circuit explicitly considered and rejected Petitioner's assertion that the case against him should have been dismissed for violations of the IADA.  *See Jones*, 454 F.3d at 646-48.  Petitioner suggests that this claim is somehow different from that previously decided on his direct appeal, but all his arguments essentially require the court to overturn its own earlier rulings and those of the Seventh Circuit, which would be inappropriate in the absence of new evidence or new law suggesting that the prior decisions were wrong.  *Peoples v. United States*, 403 F.3d 844, 846 (7th Cir. 2005).  Similarly, Petitioner's claim that eyewitness testimony was improperly admitted was also clearly considered and rejected by the Court of Appeals.  *Jones*, 454 F.3d at 648-50.  In his reply brief, Petitioner claims that he received ineffective assistance of counsel because he thinks his lawyer could have made better arguments, but Petitioner has not articulated what additional arguments his counsel should have made and has not overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)).

Petitioner's final two arguments, that his post-trial motions should have been granted and

that the superseding indictment was invalid, were not raised on direct appeal. When issues could have been raised on appeal but were not, a petitioner in a § 2255 action must show both good cause for the failure to raise the issue earlier and that he was prejudiced by not raising it. *Mankarious v. United States*, 282 F.3d 940, 943 (7th Cir. 2002). Under the most generous reading of Petitioner's motion, he has alleged that the cause for his failure to raise these issues in his direct appeal is ineffective assistance of counsel. Assuming for present purposes that this is a sufficient cause, Petitioner's argument must nevertheless be denied because he has failed to show any prejudice arising from counsel's failure to raise these issues. *See Strickland*, 466 U.S. at 697. "Prejudice exists where an error has a substantial and injurious effect or influence in determining a jury's verdict." *Mankarious*, 282 F.3d at 944. Turning first to his challenge to the court's post-trial rulings, most of Petitioner's brief on this point simply repeats arguments made in the motions themselves and provide no basis for the court to find that its earlier rulings were incorrect. Petitioner also suggests that the government waived its opportunity to respond to those motions by not replying by the date set by the court. The government was not required to reply, however, because the court denied the motions orally. (Minute Order [971], *United States v. Jones*, 02-cv-895-16.)

Petitioner's final argument, a challenge to the validity of the superseding indictment, also lacks merit. First, contrary to Petitioner's suggestion, there is nothing inherently invalid about a superseding indictment. *See United States v. Bullis*, 77 F.3d 1553, 1559 (7th Cir. 1996) ("We presume that a prosecutor's decision to seek increased charges in a superseding indictment is valid."). Second, Petitioner's motion also seems to argue that the indictment should have been dismissed because the counts were duplicitous. The court disagrees. A duplicitous indictment combines more than one offense into a single count. *United States v. Starks*, 472 F.3d 466, 470 (7th Cir. 2006). The indictment under which Petitioner was found guilty clearly and simply alleges, in two separate counts, (1) that Petitioner took part in a drug selling conspiracy, and (2) that he

actually sold crack cocaine. (Superseding Indictment [185], *United States v. Jones*, 02-cv-895-16.) These separate counts are not duplicitous. Therefore, since these arguments are meritless, Petitioner cannot show any prejudice that resulted from his failure to raise these arguments earlier on appeal, and they cannot now form the basis of relief under § 2255.

## **CONCLUSION**

Petitioner's § 2255 motion to vacate, set aside, or correct sentence [1] is denied.

ENTER:

Dated: January 13, 2009
_____
REBECCA R. PALLMEYER
United States District Judge